**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, | |
| Plaintiff, | |
| v. | Adversary No. _____ |
| Fargo South Hospitality, LLC, | |
| Defendant. | |

**COMPLAINT**

Plaintiff, EPIC Companies Midwest, LLC (the "Plaintiff"), for its Complaint against Defendant, Fargo South Hospitality, LLC (the "Defendant"), states and alleges as follows:

**PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of North Dakota and was formed on or around November 19, 2018. Its principal place of business was located at 400 10th Street SE, Minot, North Dakota, 58701.[1]

---

[1] As of October 10, 2024, the Plaintiff's principal addresses changed to 900 Long Lake Road, Suite 180, c/o Lighthouse Management Group, Inc., New Brighton, Minnesota 55112-6455.

2. The Defendant is a limited liability company organized and existing under the laws of the State of North Dakota. It was originally formed on or around October 9, 2018, but its business registration lapsed on or around November 15, 224 (ND SOS Control ID # 0000172575). The Defendant was then reformed on or around February 10, 2025 (ND SOS Control ID # 0006983476). Its principal place of business is located at 5064 23rd Avenue South, Fargo, North Dakota 58103.

3. The Defendant owes funds to the Plaintiff pursuant to certain loan transactions.

## JURISDICTION AND VENUE

4. The Plaintiff filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on July 8, 2024 (the "Petition Date"). The bankruptcy case is currently pending before this Court.

5. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. The Plaintiff consents to the entry of final orders and judgment by this Court pursuant to Fed. R. Bankr. P. 7008.

8. This Complaint is filed under Fed. R. Bankr. P. 7001.

## FACTUAL BACKGROUND

I. **PLAINTIFF'S GENERAL STRUCTURE AND PURPOSE.**

9. The Plaintiff is part of a series of affiliated companies known collectively as "EPIC Companies."

10. EPIC Companies generally consist of the Plaintiff, certain real estate holding entities, including the Defendant, certain service-providing companies (i.e., property management

2

and construction), and other companies involved in hospitality, restaurant, entertainment, and similar industries. All of them are affiliated with certain individuals who structured, organized, and sponsored this business activity, including Todd Berning.

11. The Plaintiff was formed for the alleged purpose of providing funds to various real estate development projects throughout the State of North Dakota, each of which was developed and managed by subsidiaries of EPIC Companies (the "Project Companies").

12. On information and belief, each of the Project Companies is a "single purpose entity," meaning that each holds one real estate development project.

13. Based on records reviewed to date, each of the Project Companies appears to have a different ownership group.

14. Many of the Project Companies have borrowed money from banks for the construction of the real estate projects at issue, and those banks generally have senior secured positions on the real estate owned by each of the Project Companies.

15. The Plaintiff typically provided funds in the form of "subordinated debt" to each of the Project Companies (the "Sub Debt"). The Sub Debt would be junior to any bank debt but superior to the equity holders in each of the Project Companies.

16. With funds received by the Plaintiff from certain individual investors, the Plaintiff made loans to the Project Companies.

17. Most loans by the Plaintiff to the Project Companies are documented by promissory notes but, on information and belief, some may be reflected solely in accounting records.

18. The majority of the Sub Debt required the Project Companies to make monthly installment payments to the Plaintiff and a final balloon payment on the applicable maturity date.

3

19. On information and belief, the Defendant is one of the Project Companies. It has an interest in a real estate development project located at 5064 23rd Avenue South, Fargo, North Dakota 58104.

## II. TRANSFERS TO THE DEFENDANT FROM THE PLAINTIFF.

20. On November 1, 2020, the Plaintiff and the Defendant entered into a promissory note with the following balance as of February 19, 2025:

| Lender | Date | Original Principal | Principal Paid | Interest Paid | Interest Past Due | Late Fees | Total Amount Due |
|---|---|---|---|---|---|---|---|
| EPIC Midwest | 11/1/20 | $500,000 | $0.00 | $35,000 | $0.00 | $20,100 | $520,100 |
| | | | | | | | **$520,100** |

(the "Note").

21. Interest accrues on the Note at a rate of 6.0% and the standard late fee is $0.04 per $1.00.

22. Pursuant to the Note, the Plaintiff offered to loan a total of $500,000 to the Defendant under certain terms and conditions and the Defendant accepted the offer. The Note is unsecured.

23. On or around October 1, 2020, and pursuant to the Note, the Plaintiff transferred a total of $500,000 to the Defendant (the "Transfer").

24. Under the terms of the Note, the Defendant was required to make monthly payments to the Plaintiff in the form of interest.

25. The failure to make payments to the Plaintiff as and when such payments were due constitutes a default under the terms of the Note.

26. Between December 31, 2023 and January 31, 2025, the Defendant paid the Plaintiff a total of $35,000 in interest.

4

27. The Defendant was late in making the November 2024 and December 2024 payments to the Plaintiff.

28. The Note was originally set to mature on November 30, 2023. However, on December 1, 2023, the Plaintiff and the Defendant executed an amendment to the Note extending the maturity date to December 1, 2024. The Note has now matured.

29. Therefore, given the late payments and the passing of the maturity date, all amounts owed to the Plaintiff by the Defendant are immediately due and payable.

30. As of February 19, 2025, the Defendant owes the Plaintiff a total of at least $520,100, which consists of $500,000 of principal and $21,000 of late fees, with interest and fees continuing to accrue.

31. Before, during, and after the period of October 1, 2020 to December 1, 2023, the Plaintiff had creditors, including various individual investors.

32. On June 11, 2024, the Plaintiff's board of directors appointed Lighthouse Management Group, Inc. ("Lighthouse") as its Chief Restructuring Officer.

33. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between October 1, 2020 and December 1, 2023, and at all relevant times between entry into the Note with the Defendant and the Transfer to the Defendant, the Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of the Plaintiff were unreasonably small in relation to the business or transaction or the Plaintiff intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as the debts became due.

34. Based on the financial records identified above and reviewed by Lighthouse, between October 1, 2020 and December 1, 2023, and at all relevant times between entry into the Note with the Defendant and the Transfer to the Defendant, the Plaintiff was insolvent or became insolvent thereafter.

**III.    PRIOR DEMAND FOR AMOUNTS OWED.**

35. On December 5, 2024, the Plaintiff caused a demand letter to be sent on its behalf to the Defendant demanding the amounts owed to the Plaintiff under the Note.

36. As of the date of this Complaint, the Defendant has failed to pay the Plaintiff.

37. The Plaintiff continues to be harmed by the Defendant's failure to pay the outstanding amounts owed by the Defendant to the Plaintiff.

38. The Plaintiff is still in the process of tracing all of its transfers to the various Project Companies. To the extent the Defendant further transferred funds to other Project Companies, the Plaintiff expressly reserves the right to pursue additional claims against the Defendant and any subsequent transferees, including, but not limited to, claims under Chapter 5 of the Bankruptcy Code.

**COUNT I
BREACH OF CONTRACT
(EPIC Midwest v. Defendant)**

39. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

40. On November 1, 2020, the Plaintiff and the Defendant entered into the Note. The Note was subsequently amended on December 1, 2023.

41. Under the terms of the Note, the Plaintiff agreed to provide the Defendant a total of $500,000; in exchange, the Defendant agreed to make regular monthly payments to the Plaintiff.

6

42. On or around October 1, 2020, and pursuant to the Note, the Plaintiff transferred a total of $500,000 to the Defendant.

43. The Defendant was late in making the November 2024 and December 2024 payments to the Defendant. Moreover, the Defendant failed to pay all outstanding amounts owed to the Defendant upon the passing of the maturity date.

44. The Defendant's failure to make timely monthly payments to the Plaintiff and pay the outstanding amounts owed upon the passing of the maturity date constitutes a breach of the Note.

45. Due to the Defendant's breach of the Note, the Plaintiff has been damaged in the amount of at least $520,100, plus interest and other fees and costs allowed by law and the Note.

## COUNT II
## UNJUST ENRICHMENT
### (EPIC Midwest v. Defendant)

46. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

47. The Plaintiff conferred a benefit to the Defendant by providing $500,000 for use in the Defendant's real estate development project.

48. The Defendant knowingly accepted the $500,000 from the Plaintiff.

49. As the Defendant did not make the agreed payments to the Plaintiff, the Defendant is not entitled to the benefit of the full value of the $500,000 from the Plaintiff.

50. Under the circumstances, it would be unjust and inequitable to permit the Defendant to retain the benefit from its actions.

51. The amount of benefit wrongfully retained by the Defendant is in the amount of at least $500,000, plus interest and other fees and costs allowed by law.

## COUNT III
## ACCOUNT STATED
**(EPIC Midwest v. Defendant)**

52. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

53. The Plaintiff demanded payment of the Defendant's account with the Plaintiff.

54. The Defendant did not substantively respond to the demand letter or dispute any amounts.

55. The Defendant did not pay the amounts due and owing to the Plaintiff.

56. As a result, the Plaintiff has been damaged in the amount of at least $520,100, plus interest and other fees and costs allowed by law.

## COUNT IV
## PROMISSORY ESTOPPEL
**(EPIC Midwest v. Defendant)**

57. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

58. The Defendant promised it would make the agreed upon payments to the Plaintiff.

59. In reasonable reliance on those promises, the Plaintiff loaned a total of $500,000 to the Defendant.

60. The Plaintiff was harmed by its reasonable reliance on the Defendant's promises, as the Plaintiff loaned $500,000 to the Defendant and was not fully repaid.

61. As a result, the Plaintiff has been damaged in the amount of at least $520,100, plus interest and other fees and costs allowed by law.

## COUNT V
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
(EPIC Midwest v. Defendant)

62. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

63. The Plaintiff entered into the Note with the Defendant and made the Transfer to the Defendant and received less than reasonably equivalent value in exchange. The Defendant did not provide the Plaintiff with a security interest in any collateral and eventually only paid $35,000 to the Plaintiff despite receiving $500,000 from the Plaintiff.

64. Before, during, and after the period of October 1, 2020 to December 1, 2023, the Plaintiff had creditors, including various individual investors.

65. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between October 1, 2020 and December 1, 2023, and at all relevant times between entry into the Note with the Defendant and the Transfer to the Defendant, the Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of the Plaintiff were unreasonably small in relation to the business or transaction or the Plaintiff intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as the debts became due.

66. The Defendant was either the first transferee or the beneficiary of the Note and Transfer.

67. Based on the foregoing, the Note and the Transfer are avoidable, and should be avoided, as fraudulent transfers or obligations pursuant to N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. § 544(b).

68. Pursuant to N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a), the Plaintiff may recover such fraudulent transfers or obligations from the Defendant in an amount to be determined at trial, plus interest and other fees and costs allowed by law.

## COUNT VI
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
### N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
### (EPIC Midwest v. Defendant)

69. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

70. The Plaintiff entered into the Note with the Defendant and made the Transfer to the Defendant and received less than reasonably equivalent value in exchange. The Defendant did not provide the Plaintiff with a security interest in any collateral and eventually only paid $35,000 to the Plaintiff despite receiving $500,000 from the Plaintiff.

71. Before and during the period of October 1, 2020 to December 1, 2023, the Plaintiff had creditors, including various individual investors.

72. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between October 1, 2020 and December 1, 2023, and at all relevant times between entry into the Note with the Defendant and the Transfer to the Defendant, the Plaintiff was insolvent or became insolvent thereafter.

10

73. The Defendant was either the first transferee or the beneficiary of the Note and Transfer.

74. Based on the foregoing, the Note and the Transfer are avoidable, and should be avoided, as fraudulent transfers or obligations pursuant to N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. § 544(b).

75. Pursuant to N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a), the Plaintiff may recover such fraudulent transfers or obligations from the Defendant in an amount to be determined at trial, plus interest and other fees and costs allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant the following relief:

A. Enter judgment in favor of the Plaintiff on its claims against the Defendant;

B. Award the Plaintiff its attorney's fees and costs for pursuing this action as allowed by applicable law and the Note;

C. Grant such other relief that the Court deems just and equitable.

11

| | |
|---|---|
| Dated:  February 20, 2025 | */e/ Steven R. Kinsella* <br> Michael S. Raum (#05676) <br> **FREDRIKSON & BYRON, P.A.** <br> 51 Broadway, Suite 400 <br> Fargo, ND  58102-4991 <br> 701.237.8200 <br> mraum@fredlaw.com <br><br> Steven R. Kinsella (#09514) <br> Katherine A. Nixon (*pro hac vice*, MN #0402772) <br> **FREDRIKSON & BYRON, P.A.** <br> 60 South 6th Street, Suite 1500 <br> Minneapolis, MN  55402-4400 <br> 612.492.7000 <br> skinsella@fredlaw.com <br> knixon@fredlaw.com <br><br> **ATTORNEYS FOR PLAINTIFF** |

## **AFFIDAVIT**

I, Patrick Finn, am a Partner of Lighthouse Management Group, Inc., the Chief Restructuring Officer for EPIC Companies Midwest, LLC, and I declare under penalty of perjury that the facts set forth in the preceding Complaint are true and correct, according to the best of my knowledge, information, and belief.

Dated: February 20, 2025

*PATRICK FINN*
Patrick Finn
Partner, Lighthouse Management Group, Inc.
Chief Restructuring Officer for the Plaintiff